# Exhibit 1

## <u>STIPULATION AND SETTLEMENT AGREEMENT</u>

Richard Lupardus ("PLAINTIFF"), individually and on behalf of the class described below (hereinafter referred to collectively as "SETTLEMENT CLASS"), Elk Energy Services, LLC ("DEFENDANT") (collectively the "PARTIES"), and their respective counsel of record enter into this Stipulation and Settlement Agreement ("SETTLEMENT AGREEMENT") conditioned upon entry by the COURT of a FINAL ORDER and judgment approving the SETTLEMENT AGREEMENT and dismissing PLAINTIFF'S individual claims and FLSA RELEASED CLAIMS and the SETTLEMENT CLASS's FLSA RELEASED CLAIMS.

## I.     RECITALS AND BACKGROUND

A.     PLAINTIFF worked as an employee for DEFENDANT from approximately 2017 until approximately August 2018.

B.     On July 18, 2019, PLAINTIFF filed a putative collective action Complaint in the United States District Court for the Southern District of West Virginia – Charleston Division, Civil Action No. 2:19-CV-00529 styled "Richard Lupardus, on Behalf of Himself and on Behalf of All Others Similarly Situated, Plaintiff, v. Elk Energy Services, LLC, Defendant" (the "LITIGATION").  In his Complaint, Plaintiff alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

C.     On August 28, 2019, DEFENDANT timely filed its Answer to PLAINTIFF'S Complaint, disputing the material allegations both as to fact and law and denying any liability to PLAINTIFF or to other current or former employees of DEFENDANT.

D.     On July 28, 2020, this Court granted PLAINTIFF'S Motion for Conditional Certification of a class for purposes of the FLSA claim and authorized notice to this class of individuals.

E.     Following the issuance of notice approved by the Court, 28 individuals filed Consent Forms indicating their intent to join the collective class (in addition to Plaintiff).

F.     After significant discovery and investigation, the PARTIES identified 14 members of the conditionally-certified class who opted in, but who cannot maintain FLSA claims against DEFENDANT in this action.  Thus, the Parties agreed that the claims of those 14 individuals should be dismissed without prejudice.  A list of these individuals is attached as Exhibit A.  The Parties agreed that the remaining 14 members who opted into the conditional class plus PLAINTIFF should be formally certified as a collective settlement class for purposes of settlement only.  A list of these individuals is attached as Exhibit B.

G.     The PARTIES have engaged in substantial discovery, both prior to the Court's order conditionally certifying the collective action and following the expiration of the period within which individuals were permitted to file Consent Forms to participate in the LITIGATION pursuant to 29 U.S.C. § 216(b).  The PARTIES served and responded to written discovery requests, including interrogatories and requests for production of documents.  DEFENDANT produced documentation regarding each of the opt-in Plaintiffs, DEFENDANT'S payroll, time records, policies and other matters relevant to the issues raised by the PARTIES' pleadings.

H.     Both parties, through their counsel, are familiar with the facts of the case and the legal issues raised by the pleadings.

I.      The PARTIES engaged in extensive negotiations and ultimately reached a settlement agreement.

J.      It is the desire and intention of the PARTIES that this SETTLEMENT AGREEMENT shall fully, finally and forever settle, compromise and discharge all FLSA claims that PLAINTIFF raised in the LITIGATION and/or that relate to or reasonably could have risen out of the same facts alleged in the LITIGATION.

K.      It is the desire and intention of the PARTIES that this SETTLEMENT AGREEMENT shall, for each member of the SETTLEMENT CLASS, fully, finally and forever settle, compromise and discharge all FLSA claims that PLAINTIFF raised in the LITIGATION and/or that relate to or reasonably could have risen out of the same facts alleged in the LITIGATION.

L.      For the purposes of settlement only, the PARTIES seek conditional certification of a SETTLEMENT CLASS pursuant to Section 216(b) of the FLSA.  The "SETTLEMENT CLASS" refers to the members of the conditionally-certified class who are identified on Exhibit B.

M.      CLASS COUNSEL has conducted a thorough investigation of the claims asserted against DEFENDANT in the LITIGATION, including interviewing multiple witnesses, and reviewing documents and data.  Based on their independent investigation and evaluation, CLASS COUNSEL believe that the settlement with DEFENDANT for the consideration of and on the terms set forth in this SETTLEMENT AGREEMENT is fair, reasonable, and adequate, and it is in the best interests of the PLAINTIFF and the members of the SETTLEMENT CLASS in light

of all known facts and circumstances, including the risk of delay, defenses asserted by DEFENDANT, and numerous potential certification and appellate issues.

N.      DEFENDANT expressly denies any liability or wrongdoing of any kind associated with the claims in this LITIGATION and PLAINTIFF'S Complaint.  DEFENDANT contends it has complied with applicable federal, state, and local laws at all times.  By entering into the SETTLEMENT AGREEMENT, DEFENDANT does not admit any liability or wrongdoing and expressly denies the same.  It is expressly understood and Agreed by the PARTIES that the SETTLEMENT AGREEMENT is being entered into by DEFENDANT solely for the purpose of avoiding the costs and disruption of ongoing litigation and resolving the claims asserted in the LITIGATION on the terms set forth herein.  Nothing in the SETTLEMENT AGREEMENT, the settlement proposals exchanged by the PARTIES, or any motions filed or ORDERS entered pursuant to the SETTLEMENT AGREEMENT, may be construed or deemed as an admission by DEFENDANT of any liability, culpability, negligence, or wrongdoing, and the SETTLEMENT AGREEMENT, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceeding for any purpose, except in an action or proceeding to approve, interpret, or enforce the SETTLEMENT AGREEMENT. Furthermore, neither the SETTLEMENT AGREEMENT, any motions filed, settlement proposals exchanged by the PARTIES, or Orders entered pursuant to the SETTLEMENT AGREEMENT, shall constitute an admission, finding, or evidence that any requirement for representative litigation or class certification has been satisfied in this LITIGATION or any other action, except for the limited settlement purposes pursuant to the terms of the SETTLEMENT AGREEMENT.

O.     The PARTIES agree to withdraw any and all pending Motions.  The PARTIES further agree to terminate all outstanding discovery efforts and not to prosecute any discovery issues.

P.     This SETTLEMENT AGREEMENT shall automatically terminate and the SETTLEMENT CLASS certification shall automatically be cancelled if this SETTLEMENT AGREEMENT is terminated pursuant to Section VI in which event this SETTLEMENT AGREEMENT shall not be offered, received, or construed as an admission of any kind concerning whether any class is certifiable or any other matter.

Q.     The PARTIES shall request this United States District Court for the Southern District of West Virginia (the "COURT") to approve, administer, and implement the SETTLEMENT AGREEMENT with respect to all actions and claims settled in this SETTLEMENT AGREEMENT.

## II.    DEFINITIONS

A.     "CLASS COUNSEL" refers to attorney of record for PLAINTIFF, John A. Neuman of the Sosa-Morris Neuman Law Firm.

B.     "SETTLEMENT NOTICE" refers to the "Notice of Wage/Hour Class and Collective Action Settlement" to be sent to the members of the SETTLEMENT CLASS substantially in the form of Exhibit C, attached hereto.

C.     "COURT" refers to the COURT having jurisdiction of the LITIGATION, at any stage, presently in the United States District Court for the Southern District of West Virginia.

D.     "FINAL APPROVAL ORDER" refers to the order of the COURT granting final approval of this SETTLEMENT AGREEMENT on the terms provided herein or as the same may be modified by subsequent mutual agreement of the PARTIES.

E.     "FINAL JUDGMENT" refers to the judgment entered by the COURT in conjunction with the FINAL APPROVAL ORDER dismissing the LITIGATION with prejudice. The PARTIES shall submit an order of FINAL JUDGMENT setting forth the terms of this SETTLEMENT AGREEMENT, by incorporation or otherwise, for execution and entry by the COURT at the time of the FINAL APPROVAL HEARING or at such other time as the COURT deems appropriate.

F.     "FINAL EFFECTIVE DATE" refers to the first date after all of the events and conditions set forth in Section III.A have been met or occurred.

G.     The "CLASS PERIOD" means July 18, 2019 through and including the date of final approval of this SETTLEMENT AGREEMENT.

H.     "FLSA RELEASED CLAIMS" refers to the released claims set forth in Section III.C.1.

I.     "RELEASING PERSONS" means each and every SETTLEMENT CLASS member and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns.

J.     "MAXIMUM GROSS SETTLEMENT AMOUNT" refers to the amount set forth herein at Section III.B.

K.     "PARTIES" refers to the PLAINTIFF named in the above-captioned case and DEFENDANT and, in the singular, refers to any of them, as the context makes apparent.

L.     "PLAINTIFF" refers to the individual named in the above-captioned case.

M.     "RELATED PERSONS" refers to DEFENDANT and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by DEFENDANT, divisions, units, branches, and any other persons or entities acting on its behalf.

N.     "RELEASED PERSONS" refers to DEFENDANT and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by DEFENDANT, divisions, units, branches, and any other persons or entities acting on its behalf.

O.     "SETTLEMENT AGREEMENT" refers to this Stipulation and Settlement Agreement.

P.     "SETTLEMENT CLASS" collectively refers to those persons to be conditionally certified by the COURT solely for the purpose of effectuating this SETTLEMENT AGREEMENT.  The SETTLEMENT CLASS shall consist of those individuals identified on **Exhibit B**.

Q.    "SETTLEMENT PAYMENT" refers to the payment to which a member of the SETTLEMENT CLASS is entitled to pursuant to this SETTLEMENT AGREEMENT, as more fully set forth in Paragraph III below.

## III.    TERMS OF SETTLEMENT

## A.    <u>FINAL EFFECTIVE DATE</u>

1.    Shall be the first date after all of the following events and conditions have been met or have occurred.

a.    The COURT has, by entry of an APPROVAL ORDER:

(1)   Dismissed without prejudice the claims of those 14 individual who opted into the LITIGATION but cannot maintain their FLSA claims against DEFENDANT in this action, a list of whom is attached as Exhibit A;

(2)   Approved this SETTLEMENT AGREEMENT as a fair and reasonable compromise of the claims of the SETTLEMENT CLASS;

b.    The time to appeal from the APPROVAL ORDER has expired and no notice of appeal has been filed or the Parties waive the right to Appeal; and

c.    In the event that an appeal is actually filed, the latest of the following, if applicable has occurred:

(1)   Any appeal from the APPROVAL ORDER has been finally dismissed;

(2)   The APPROVAL ORDER has been affirmed on appeal in a form substantially identical to the form of the APPROVAL ORDER entered by the COURT;

(3)   The time to petition for review with respect to any appellate decision affirming the APPROVAL ORDER has expired; and

(4)   If a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the APPROVAL ORDER in a form substantially identical to the form of the ORDER entered by the COURT.   The PARTIES agree that the COURT shall retain jurisdiction to enforce, the terms of this SETTLEMENT AGREEMENT unless specifically set further otherwise herein.

## B.  MAXIMUM GROSS SETTLEMENT AMOUNT

1.     As consideration for the settlement described herein in this SETTLEMENT AGREEMENT and in full settlement and satisfaction of all monetary claims and payments to any member of the SETTLEMENT CLASS encompassed by this SETTLEMENT AGREEMENT, and for CLASS COUNSEL'S attorneys' fees, expenses, and costs, DEFENDANT shall pay no more than the MAXIMUM GROSS SETTLEMENT AMOUNT of One Hundred-Thousand Dollars ($100,000.00) to members of the SETTLEMENT CLASS and CLASS COUNSEL.  This amount includes: (1) a payment of Fifty Six Thousand Three Hundred Fifty Dollars ($56,350) to the SETTLEMENT CLASS; (2) a payment to PLAINTIFF as a service award in an amount not to exceed Three Thousand Dollars ($3000); and (3) a payment to CLASS COUNSEL for attorneys'

fees, expenses and costs in an amount not to exceed Forty Thousand Six Hundred Fifty Dollars($40,650). The net payments will be made to the SETTLEMENT CLASS are as follows:

| Settlement Class Member | Net Settlement Payment |
|---|---|
| Carte, Craig | $ 949.64 |
| Clifton, Steven | $ 10,012.94 |
| Johnson, Marshall | $ 3,102.26 |
| LaBundy, Steven | $ 3,761.85 |
| Lanier, Ryan | $ 3,900.03 |
| Lupardus, Matthew | $ 719.11 |
| Lupardus, Richard | $ 8,718.77 |
| McGahey, Clayton | $ 1,178.03 |
| McGee, Luke | $ 1,943.92 |
| Mitchell, William | $ 1,073.50 |
| Musso, Salvador | $ 3,468.24 |
| Perkins, Michael | $ 1,944.00 |
| Shannon, David | $ 1,830.46 |
| Shay, Kayla | $ 4,872.51 |
| Weiss, Tom | $ 8,874.75 |

The Net Settlement Payments listed in the above chart shall be allocated equally between alleged unpaid wage and alleged liquidated damages. Each SETTLEMENT CLASS member's net settlement payment will be paid by DEFENDANT in two checks, one representing unpaid wages and one representing liquidate damages. The check representing wages will be reported on an IRS Form W-2 and standard wage withholdings will be made from the net settlement payment. The check representing liquidated damages will be reported on an IRS Form 1099.

2.      The PARTIES agreed that payment to be issued to members of the SETTLEMENT CLASS for their unpaid wages shall be subject to all required employee paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens,

child support, etc.), which the member of the SETTLEMENT CLASS will be responsible for paying from their allotted settlement payments. DEFENDANT shall pay the employer's share of FICA and FUTA and any other employer state-specific requirements on the settlement payments, which amount shall not be included in, but will be in addition to, the MAXIMUM GROSS SETTLEMENT AMOUNT. DEFENDANT will report the payments to the members of the SETTLEMENT CLASS on an IRS Form W-2. The portion reported on an IRS Form 1099 will not be subject to withholdings and the SETTLEMENT CLASS members will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on said amount.

3. .    PLAINTIFF will receive an IRS Form 1099 for his service award and additional consideration for his general release of claims, and will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on said amount.

4.    CLASS COUNSEL shall make an application to the COURT for an award of attorneys' fees, expenses, and costs in an amount not to exceed Forty Thousand Six Hundred and Fifty Dollars ($40,650). DEFENDANT will not oppose this request. Payment of such attorneys' fees, expenses, and costs shall be made by delivered of the amount approved for payment of attorneys' fees, expenses, and costs to CLASS COUNSEL within 21 days of the FINAL EFFECTIVE DATE. Payment of such attorneys' fees, expenses, and costs to CLASS COUNSEL shall constitute full satisfaction of any and all obligations by DEFENDANT to pay any person, attorney, or law firm for attorneys' fees, expenses, or costs incurred on behalf of PLAINTIFF, and all members of the SETTLEMENT CLASS, and shall relieve the RELEASED PERSONS of any other claims or liability to any person for any attorneys' fees, expenses, and costs to which any person may claim to be entitled on behalf of PLAINTIFF or any members of the SETTLEMENT

CLASS for this LITIGATION, upon payment of CLASS COUNSEL'S attorneys' fees, expenses, and costs relating to this LITIGATION. Should the COURT approve a lesser amount of fees, expenses, and costs, the unapproved portion or portions shall transfer to the SETTLEMENT CLASS and shall be distributed to members of the SETTLEMENT CLASS proportionally.

5. Settlement payments to members of the SETTLEMENT CLASS shall be made within 30 days of the FINAL EFFECTIVE DATE. DEFENDANT will effectuate this payment by mailing the checks for the SETTLEMENT CLASS members to CLASS COUNSEL. CLASS COUNSEL will distribute the checks at its expense to the SETTLEMENT CLASS MEMBERS.

6. If any member of the SETTLEMENT CLASS fails to cash his or her settlement check within ninety (90) days of mailing, the unclaimed funds shall escheat to the State of West Virginia Unclaimed Property Fund, unless utilized to pay additional expenses in connection with this SETTLEMENT AGREEMENT.

## C. **RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS**

1. **RELEASE BY PLAINTIFF AND SETTLMENT CLASS:** Effective as of the FINAL EFFECTIVE DATE, PLAINTIFF and each and every SETTLEMENT CLASS member and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successor-in-interest, and assigns (collectively, the "RELEASING PERSONS") hereby forever completely release and discharge DEFENDANT and the RELATED PERSONS, as defined earlier in this SETTLEMENT AGREEMENT, from any and all claims of any kind under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.§ 201, *et seq.* that any of the RELEASING PERSONS has, had, might have, or might have had against any of the RELEASED PERSONS based on any act or omission that occurred at any time

up to and including the FINAL EFFECTIVE DATE, in any way related to any of the facts or claims alleged in this LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted.

2.      **Assignment:**  PLAINTIFF represents and warrants that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated. Upon the FINAL EFFECTIVE DATE of this SETTLEMENT AGREEMENT, or upon such earlier date as a SETTLEMENT PAYMENT has been issued to the individual RELEASING PARTY, members of the SETTLEMENT CLASS shall be deemed to have given this warranty.

### IV.    DUTIES OF THE PARTIES PERTAINING TO COURT APPROVAL

A.      **Seek Approval:** As soon as practicable after the execution of this SETTLEMENT AGREEMENT, but no later than 30 days after the execution of the SETTLEMENT AGREEMENT by DEFENDANT and CLASS COUNSEL, CLASS COUNSEL, on behalf of PLAINTIFF and all members of the SETTLEMENT CLASS, and DEFENDANT shall submit this SETTLEMENT AGREEMENT to and move the COURT for an Order, a copy of which is attached as Exhibit D ("PRELIMINARY APPROVAL ORDER"), which shall:

1.      Grant approval of the settlement set forth in this SETTLEMENT AGREEMENT as adequate, fair, and reasonable and in the best interests of PLAINTIFF and potential members of the SETTLEMENT CLASS;

2.      Dismiss without prejudice the claims of those 14 individuals who opted in to the LITGATION but cannot maintain their FLSA claims against DEFENDANT in this action, a list of whom is attached as Exhibit A.

B.      **Opposition to Class Certification:** DEFENDANT expressly reserves the right to oppose class certification should the SETTLEMENT AGREEMENT not become final.

C.    **Dismissal With Prejudice:** PLAINTIFF and DEFENDANT agree that they will stipulate to the dismissal with prejudice of the LITIGATION on the date upon which a FINAL ORDER is entered by the COURT approving this SETTLEMENT AGREEMENT and dismissing this LITIGATION with prejudice and the FINAL ORDER becomes non-appealable, or, if such order is appealed by a Class Member, the date of the final resolution of any and all appeals approving this SETTLEMENT AGREEMENT and resulting in the carrying out of the terms of this SETTLEMENT AGREEMENT and the dismissal of the action with prejudice.

## V.    BINDING EFFECT

**Binding Effect on Members of the SETTLEMENT CLASS:** All members of the SETTLEMENT CLASS will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the **judgment,** and the releases set forth herein and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

## VI.    TERMINATION OF THE SETTLEMENT AGREEMENT

A.    **Grounds for Settlement Termination:** In accordance with the procedures specified in Paragraph B, below, this SETTLEMENT AGREEMENT may be terminated on the following grounds:

1.    Any PARTY may terminate the SETTLEMENT AGREEMENT, if the COURT declines to enter the APPROVAL ORDER, or judgment in the form submitted by the PARTIES, or the settlement as agreed does not become final for any other reason.

**B.** **Procedures for Termination:** To terminate this SETTLEMENT AGREEMENT, the terminating Party shall give written notice to the other Party no later than 20 business days after the COURT acts.

**C.** **Effect of Termination:** Termination shall have the following effects:

1. The SETTLEMENT AGREEMENT shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms;

2. In the event the settlement is terminated, DEFENDANT shall have no obligation to take any payments to any party, class member, or attorney;

3. The APPROVAL ORDER and judgment shall be vacated.

4. The SETTLEMENT AGREEMENT and all negotiations, statements, and proceedings related thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions in the action prior to the settlement.

5. Neither this SETTLEMENT AGREEMENT, nor any ancillary documents, actions, statements, or filings in furtherance of settlement shall be admissible or offered into evidence in the LITIGATION or any other action for any purpose whatsoever.

## VII.    PARTIES' AUTHORITY

The signatories hereby represent that they are fully authorized to enter into this settlement and bind the PARTIES hereto to the terms and conditions hereof.

## VIII.    MUTUAL FULL COOPERATION

The PARTIES agree to fully cooperate with each other to accomplish the terms of the SETTLEMENT AGREEMENT, including, but not limited to, execution of such documents and

to take such other action as may reasonably be necessary to implement the terms of the SETTLEMENT AGREEMENT. The PARTIES to the SETTLEMENT AGREEMENT shall use their best efforts, including all efforts contemplated by the SETTLEMENT AGREEMENT and any other efforts that may become necessary by order of the COURT, or otherwise, to effectuate the SETTLEMENT AGREEMENT and the terms set forth herein. As soon as practicable after execution of the SETTLEMENT AGREEMENT, CLASS COUNSEL shall, with the assistance and cooperation of DEFENDANT and its counsel, take all necessary steps to secure the COURT'S final approval of the SETTLEMENT AGREEMENT.

## IX.    NOTICES

Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

    To the Plaintiff class:
    John Neuman, Esq.
    Sosa-Morris Neuman
    5612 Chaucer Drive
    Houston, TX  77005

    To the Defendant:
    Joseph U. Leonoro, Esq.
    Steptoe & Johnson PLLC
    Chase Tower, 17th Floor
    707 Virginia Street East
    Charleston, WV  25301

## X.    CONSTRUCTION

The PARTIES hereto agreed that the terms and conditions of the SETTLEMENT AGREEMENT are the result of lengthy, intensive, and arms-length negotiations among the

PARTIES, and the SETTLEMENT AGREEMENT shall not be construed in favor of or against any party by reason of the extent to which any his, her, or its counsel participated in the drafting of the SETTLEMENT AGREEMENT.

## XI.    CLASS COUNSEL SIGNATORIES

It is agreed that because the members of the SETTLEMENT CLASS are so numerous, it is impossible or impractical to have each member of the SETTLEMENT CLASS execute the SETTLEMENT AGREEMENT.  Moreover, the SETTLEMENT CLASS has given authority to the Named Plaintiff, Richard Lupardus, via their opt-in consent forms to negotiate a settlement agreement on their behalf. The CLASS NOTICE will advise all members of the SETTLEMENT CLASS of the binding nature of the release, and that the release will have the same force and effect as if the SETTLEMENT AGREEMENT were executed by each member of the SETTLEMENT AGREEMENT.

## XII.    COUNTERPARTS

THE SETTLEMENT AGREEMENT may be executed in counterparts, and when each party as signed and delivered at least one such counterpart, each counterpart be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT.

Dated: 04/13/2021 _____

*Richard Lupardus*

_____
Richard Lupardus
Named Plaintiff


Dated: _____

ELK ENERGY SERVICES, LLC

_____

By: 

  Its: _____

Dated: 04/13/2021

_Richard Lupardus_

Richard Lupardus
Named Plaintiff


Dated: **4/22/21**

ELK ENERGY SERVICES, LLC

_Rich Hann_

By:
Its: _President_

## Exhibit A

## Opt-In Plaintiffs Subject to Rule 41(a)(1)(A)(ii)  Stipulation of Dismissal without Prejudice

1. Jason Anders

2. James Barzak

3. Michael Carper

4. David Cottrell

5. Caitlin Dean

6. James Fiebelkorn

7. Zachary Henson

8. Freddie Kays

9. Roberto Moran

10. Michael Pena

11. John Ramirez

12. Clayton Rossler

13. John Turner

14. Gary Zack

**Exhibit B**

**Opt-In Plaintiffs who are Members of the SETTLEMENT CLASS**

1.    Craig Carte

2.    Steven Clifton

3.    Marshall Johnson

4.    Steven LaBundy

5.    Ryan Lanier

6.    Matthew Lupardus

7.    Richard Lupardus

8.    Clayton McGahey

9.    Luke McGee

10.    William Mitchell

11.    Salvador Musso

12.    Michael Perkins

13.    David Shannon

14.    Kayla Shay

15.    Tom Weiss

## Exhibit C

## CLASS NOTICE

**Via Priority Mail**
Name
Address
City, State Zip

Re:    Elk Energy Services, LLC Overtime Lawsuit Settlement

Dear Name,

We are pleased to inform you that the overtime lawsuit you joined against Elk Energy Services, LLC has settled and that settlement has been approved by the Court. Your settlement checks are included in this letter. You have two checks. One check represents your settlement payment for the allegedly unpaid wages. That check is treated like a normal payroll check and is subject to the normal withholdings and employment taxes. You will receive a W-2 at the beginning of next year reflecting this payment. The other check represents payment for liquidated damages. You will receive a 1099 for this payment at the beginning of next year.

By accepting this settlement payment, you agree to waive any claims you have against Elk Energy Services, LLC arising out of the Fair Labor Standards Act, 29 U.S.C. 201, et seq. If you would like to receive a complete copy of the settlement, please feel free to contact our office.

It has been our privilege to represent your interests in this matter.

Sincerely,

John Neuman
jneuman@smnlawfirm.com

**Exhibit D**

**APPROVAL ORDER**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Richard Lupardus, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. : 2-19-cv-00529** |
| **Elk Energy Services, LLC,** | § § | |
| **Defendant.** | § § § | |

**ORDER APPROVING SETTLEMENT**

Before the Court is the Parties' Joint Motion for Approval of Fair Labor Standards Act settlement. The Court will grant the Parties' Motion.

THEREFORE, IT IS ORDERED that the Parties' settlement agreement in this case is approved in all respects. The Parties are directed to administer their settlement in accordance with their agreement.

This case is dismissed with prejudice with respect to Plaintiffs Richard Lupardus, Craig Carte, Steven Clifton, Marshall Johnson, Steven LaBundy, Ryan Lanier, Matthew Lupardus, Clayton McGahey, Luke McGee, William Mitchell, Salvador Musso, Michael Perkins, David Shannon, Kayla Shay, and Tom Weiss.